**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTOPHER BEY,

        Petitioner,

v.                             Case No. 10-15068

GREG CAPELLO,

        Respondent.

                                     /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND
DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Christopher Bey filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, currently incarcerated at the Marquette Branch Prison in Marquette, Michigan, challenges his convictions for delivery of a controlled substance under 50 grams, felon in possession of a firearm, and two counts of possession of a short-barreled shotgun or rifle. Respondent has filed a motion to dismiss on the ground that the petition was not timely filed. The court finds that the petition was not timely filed and the motion will be granted.

**I. BACKGROUND**

Petitioner pleaded guilty in Oakland County Circuit Court to the crimes set forth above. On June 7, 1999, he was sentenced as a fourth habitual offender to one to twenty years in prison for the controlled substance conviction, and to concurrent terms of six months for the remaining convictions.

Petitioner filed a motion to vacate judgment and to withdraw guilty plea in the trial court. The motion was denied on September 29, 1999. *People v. Bey*, No. 99-165767-

FH (Oakland Cnty. Cir. Ct. Sept. 29, 1999).  He did not seek leave to appeal to the Michigan Court of Appeals or the Michigan Supreme Court.

Petitioner then filed a motion for relief from judgment in the trial court.  The trial court denied the motion on August 7, 2001.  *People v. Bey*, No. 99-165767-FH (Oakland Cnty. Cir. Ct. Aug. 7, 2001).  Petitioner filed a delayed application for leave to appeal the trial court's denial of his motion in the Michigan Court of Appeals on October 9, 2002.  The Michigan Court of Appeals dismissed the application because it was not filed within twelve months of the date of entry of the trial court's order.  *People v. Bey*, No. 244221 (Mich. Ct. App. Oct. 30, 2002).  The Michigan Supreme Court denied Petitioner's delayed application for leave to appeal because the court was not persuaded that the questions presented should be reviewed.  *People v. Bey*, No. 122836 (Mich. Apr. 29, 2003).

On February 28, 2008, Petitioner filed a second motion for relief from judgment in the trial court.  The trial court denied the motion because it was an impermissible successive motion and did not warrant an exception to the ban on successive motions.  *People v. Bey*, No. 99-165767-FH (Oakland Cnty. Cir. Ct. Sept. 26, 2008).  Petitioner's delayed application for leave to appeal to the Michigan Court of Appeals was denied because Petitioner "failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D)." *People v. Bey*, No. 293796 (Mich. Ct. App. Oct. 30, 2009).  The Michigan Supreme Court denied Petitioner's delayed application for leave to appeal because his motion for relief from judgment was prohibited by Michigan Court Rule 6.502(G).  *People v. Bey*, No. 140176 (Mich. Mar. 29, 2010).

Petitioner filed the pending habeas corpus petition on December 15, 2010. Respondent has filed a motion to dismiss.

## II. DISCUSSION

Respondent argues that the petition should be dismissed because it was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

Petitioner did not file a direct appeal in the Michigan Court of Appeals. His convictions, therefore, became final on September 29, 2000, when the one-year limitations period for filing a delayed application for leave to appeal in the Michigan Court of Appeals expired. *See* Michigan Court Rule 7.205(F); *People v. Highland*, 752 N.W.2d 465 (Mich. 2008). The limitations period for filing a habeas corpus petition commenced on September 30, 2000. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (holding that limitations period commences the day after the state-court conviction becomes final). The record before the court shows that Petitioner filed a motion for relief from judgment in the trial court in June 2001, but does not establish a

3

particular day in June 2001 when the petition was filed. For purposes of this analysis, the court will assume that the motion was filed on the date most favorable to Petitioner, June 1, 2001. That motion, a properly filed motion for state-court collateral review, tolled the limitations period with four months remaining. The limitations period resumed running on April 29, 2003, the day after the Michigan Supreme Court denied Petitioner's application for leave to appeal. The limitations period continued to run, uninterrupted, until it expired on August 29, 2003. The pending habeas petition was filed over seven years after the limitations period expired.

Petitioner argues that the limitations period did not begin to run until 2008, when he raised the claim (also raised in his habeas petition) that the state court lacked subject-matter jurisdiction over his case in his motion for relief from judgment. The one-year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Sorce v. Artuz*, 73 F. Supp. 2d 292, 294-95 (E.D.N.Y.1999) (internal quotation marks and citation omitted). A habeas petitioner has the burden of proof in establishing that he exercised due diligence in searching for the factual predicate of the habeas claims. *Stokes v. Leonard*, 36 F. App'x 801, 804 (6th Cir. 2002). "An application that 'merely alleges that the applicant did not actually know the facts underlying his . . . claim' is insufficient to show due diligence." *Id.* (quoting *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997)). While Petitioner states that he did not raise the subject-matter jurisdiction claim in state court until 2008, he does not state

4

when he became aware of this claim.  Thus, Petitioner has not shown (or even alleged) that the facts underlying his claim were not known to him or could not have been made known to him through the exercise of due diligence prior to 2008.  Accordingly, the court concludes that the petition was not timely filed.

### III.  CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue.  28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citations omitted).

5

In this case, the court concludes that reasonable jurists would not debate the court's conclusion that the petition is untimely.  Therefore, the court will deny a certificate of appealability.

## IV. CONCLUSION

The court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period.  Accordingly,

IT IS ORDERED that Respondent's "Motion to Dismiss" [Dkt. # 10] is GRANTED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.


      s/Robert H. Cleland                  
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 8, 2011, by electronic and/or ordinary mail.


      s/Lisa Wagner                    
Case Manager and Deputy Clerk
(313) 234-5522