UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BEY,

          Petitioner,

v.                                                   Case Number: 10-15068

GREG CAPELLO,

          Respondent.
                                       /

**OPINION AND ORDER (1) CONSTRUING PETITIONER'S
"MOTION FOR CERTIFICATE OF APPEALABILITY" AS A NOTICE OF APPEAL
AND MOTION FOR RECONSIDERATION; (2) DENYING MOTION FOR
RECONSIDERATION; AND (3) GRANTING PETITIONER'S
"MOTION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL"**

Petitioner Christopher Bey filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his convictions for delivery of a controlled substance under 50 grams, felon in possession of a firearm, and two counts of possession of a short-barreled shotgun/rifle.  On June 8, 2011, the court issued an "Opinion and Order Granting Respondent's Motion to Dismiss and Denying Certificate of Appealability."  Petitioner has now filed a "Motion for Certificate of Appealability." Because the court already has denied a certificate of appealability (COA), the court will construe Petitioner's motion as requesting reconsideration of that denial and as a notice of appeal.  Petitioner also has filed a "Motion to Proceed *In Forma Pauperis* on Appeal."

A motion for reconsideration will only be granted where the movant "demonstrate[s] a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and where "correcting the defect

will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.*

The court dismissed the petition because it was filed over seven years after the one-year limitations period expired and Petitioner failed to allege that the facts underlying his claims were unknown to him or could not have been made known to him through the exercise of due diligence prior to 2008, when he first raised the claims in the state court. The court denied a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

Petitioner does not specifically address the court's finding that the petition was untimely. Instead, he asks the court to reconsider its denial of a certificate of appealability because his habeas claims created a substantial showing of the denial of a constitutional right. Petitioner's arguments for reconsideration do not show that the decision was based upon a "palpable defect by which the court ... [has] been misled." E.D. Mich. LR 7.1(h)(3). Instead, much of his argument amounts to a disagreement with the court's decision that the merits of the claims would not be reached because the petition was untimely. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. E.D. Mich. LR 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998).

In addition to construing Petitioner's Motion for a Certificate of Appealability as a request for reconsideration, the court also construes the motion as a notice of appeal. Federal Rule of Appellate Procedure 3(a)(1) states, "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time frame allowed by Rule 4." Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal in a civil case "be filed with the district clerk within 30 days after the judgment or order appealed from is entered." In this case, because it is clear that Petitioner filed his motion within the 30-day time limit and the 30-day time period has since expired without Petitioner filing a separate notice of appeal, the question is whether the court may treat the motion as a notice of appeal.

The United States Supreme Court has held that the requirements of Federal Rule of Appellate Procedure 3(c), which governs the contents of a notice of appeal, are to be "liberally construed." *Smith v. Barry*, 502 U.S. 244, 248 (1992). A notice of appeal must "specifically indicate the litigant's intent to seek appellate review." *Id.* at 248. But this requirement should not be used to dismiss an appeal for "'informality of form or title of the notice of appeal.'" *Id.* at 249 (quoting Fed. R. App. P. 3(c)(4)). "Functional rather than formalistic compliance [with Rule 3(c)] is all that is required." *Isert v. Ford Motor Co.*, 461 F.3d 756, 759 (6th Cir. 2006). The purpose of a notice of appeal is "to ensure that the filing provides sufficient notice to other parties and the courts." *Id.* at 248. In accordance with this purpose, the standard for determining whether Rule 3(c)'s requirements have been met is "'whether it is objectively clear that a party intended to

3

appeal.'" *Id.* (quoting Fed. R. App. P. 3(c) advisory committee's note, 1993 Amendments).

The Sixth Circuit previously has held that a pro se application for a certificate of probable cause (the precursor to and functional equivalent of a motion for a certificate of appealability) filed within the time limits of Fed. R. App. P. 4(a) may serve as a notice of appeal. *McMillan v. Barksdale*, 823 F.2d 981, 982-23 (6th Cir. 1987); *accord Lee v. Williamson*, 297 F. App'x 147, 148 n.2 (3rd Cir. 2008) (treating motion for certificate appealability filed within twelve days of the district court's order denying habeas petition as a timely filed notice of appeal); *Marmolejo v. United States*, 196 F.3d 377, 378 (2d Cir. 1999) (a certificate of appealability may be construed as a notice of appeal); *Carson v. Director of Iowa Dept. of Corrections*, 150 F.3d 973, 975 (8th Cir. 1998) (holding that request for certificate of appealability filed within Rule 4's time limit was the functional equivalent of a notice of appeal because it fulfilled Rule 3's notice requirements); *Knox v. Wyoming*, 959 F.2d 866, 867 n.1 (10th Cir. 1992) (motion for certificate of probable cause can serve "double duty" as a misfiled notice of appeal); *Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991); *Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990) (same); *Thames v. Dugger,* 848 F.2d 149, 150 (11th Cir. 1988) (same).

In this case, the content of the Motion for Certificate of Appealability makes it objectively clear that Petitioner intended to appeal the court's dismissal of his habeas corpus petition. The motion also provides notice both to the Respondent and to the courts as to what is being appealed and to which court. Additionally, attached to the Motion for Certificate of Appealability is a Proof of Service listing the documents served on counsel for Respondent. The list includes a Notice of Appeal, indicating Petitioner's

4

intent to file an appeal.  Accordingly, the court construes Petitioner's motion as a timely notice of appeal and orders the Clerk of Court to follow the service procedures set forth in Federal Rule of Appellate Procedure 3(d).

Petitioner also has filed a "Motion to Proceed *In Forma Pauperis* on Appeal." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith."  *United States v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).  Although the court finds that a certificate of appealability should not issue, the court concludes that an appeal in this case may be taken in good faith.  The court, therefore, grants Petitioner's "Motion to Proceed *In Forma Pauperis* on Appeal."

Accordingly, IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [Dkt. # 17], be construed as a motion for reconsideration and a notice of appeal.  The Clerk of Court is DIRECTED to modify the docket to reflect that Docket Number 17 is a motion for reconsideration and a notice of appeal.  The motion for reconsideration is DENIED.

The Clerk of Court is DIRECTED to serve the notice of appeal in accordance with Federal Rule of Appellate Procedure 3(d).

5

IT IS FURTHER ORDERED that Petitioner's "Motion to Proceed *In Forma Pauperis* on Appeal" [Dkt. #18] is GRANTED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 19, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 19, 2011, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522